IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DEBORAH C. HAYES, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **3:07-CV-137 (CDL)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The plaintiff herein filed an application for disability and disability insurance benefits on July 3, 2002. The application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge, which was held on August 29, 2005. On January 26, 2006, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Plaintiff alleges an onset date of July 31, 2002. Plaintiff's date last insured for disability purposes was December 21, 2002.[1] Plaintiff was 48-49 years old during the relevant period under discussion.

---

[1] In order to demonstrate she is entitled to disability insurance benefits, Plaintiff must establish that she became disabled prior to the expiration of her insured status. 42 U.S.C. §§ 423(a), 423(c); see Casey v. Sec'y of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993) (evidence dated after date last insured is "outside the scope of our inquiry"); Flaten v. Sec'y of Health and Human Servs., 44 F.3d 1453 (9th Cir. 1995); Ware v. Schweiker, 651 F.2d 408, 411 n.3 (5th Cir. 1981), cert. denied, 455 U.S. 912 (1982).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of

impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ determined that plaintiff had a "severe" impairment of degenerative joint disease, osteoarthritis, obesity, depression, and asthma, but that does not prevent plaintiff from being able to perform a range of sedentary exertional work limited to a sit-stand option, but that required no more than occasional climbing ramps and stairs, occasional balancing, stooping, kneeling crouching, and crawling; no concentrated pulmonary irritants and no more than simple tasks (Tr. 21). Based upon vocational expert (VE) testimony, the ALJ found Plaintiff could perform various jobs within this RFC, including parking lot cashier, ticket taker, and cafeteria cashier (Tr. 23).

*Grids*

Plaintiff alleges the ALJ applied the wrong Grid Rule in this case. See 20 C.F.R. § 404.1564(d); 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 1, § 201.10. Plaintiff argues the ALJ should have found her "functionally approaching advanced age" rather than a "younger individual" because she turned age 50 nine months after her date last insured. At "approaching advanced age" Plaintiff would be considered disabled under the Medical- Vocational Guidelines, given her RFC, past relevant work, and education level.

3

Plaintiff correctly notes that the regulations state that the age categories should not be applied mechanically in borderline situations. See 20 C.F.R. § 404.1563(b). Plaintiff, citing Reeves v. Heckler, 734 F.2d 519 (11th Cir. 1986), asserts that the ALJ mechanically applied the age categories of the grids, and that she should have been found disabled since her disability insured status expired only nine months before her 50th birthday.

In Reeves, the Eleventh Circuit held that in cases where the ALJ has applied the age grids in a mechanical fashion, the claimant should be given an opportunity to make a proffer of evidence on his ability to adapt. Id. at 526. If the claimant "makes a proffer of substantial evidence that an ALJ could find credible and tending to show that the claimant's ability to adapt to a new work environment is less than the level established under the grids for persons his age," the court is required to remand the case to the Commissioner for reconsideration of the age/ability to adapt issue. Id. If, on the other hand, the claimant does not make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the Commissioner. Id.

The regulations indicate that the consideration of whether to use an older age category occurs only when the claimant is within a few days or months of reaching the older age category. Id; see also Hearings, Appeals, and Litigation Law Manual, II-5-3-2, Application of the Medical-Vocational Guidelines in Borderline Situations. As noted by the ALJ, Plaintiff was 49 years of age between her alleged date of onset, July 2002 (Tr. 451) and her date last insured, December 31, 2002 (Tr. 433).

The regulations state that in borderline situations the Commissioner "will consider whether to use the older age category after evaluating the overall impact of all the factors in [the

4

claimant's] case." 20 C.F.R. § 404.1563(b).  See also <u>Crady v. Sec'y of Health and Human Servs</u>., 835 F.2d 617, 622 (6th Cir. 1987) (noting that "[t]he fact that age categories are not to be applied mechanically, however, obviously does not mean that a claimant must move mechanically to the next age category whenever his chronological age is close to that category.").

However, in this case, the ALJ relied upon the testimony of a vocational expert, and did not mechanistically apply the grids.  Plaintiff's argument, however, seems to suggest that the ALJ should have placed her in the older person category and then mechanically apply the grids to find that she is disabled.  This is without merit.

Plaintiff argues that her ability to adapt is less than the level established under the grids for persons of her age. Because she never learned to use a computer in school, Plaintiff maintains she could not use a cash register, which she contends is a computer. Plaintiff believes her lack of formal computer education meets her burden to show her ability to adapt is compromised, as required by the Eleventh Circuit in <u>Reeves and Broz v. Schweiker</u>,  677 F.2d 1351 (11th Cir.1982), vacated and remanded sub nom. <u>Heckler v. Broz</u>, 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983), adhered to,711 F.2d 957 (11th Cir.), modified,721 F.2d 1297 (11th Cir.1983).

"[A] proffer of evidence relating to a claimant's education, work experience or residual functional capacity does not relate to the question of whether a claimant's ability to adapt to a new work environment is less than the level established under the grids for persons his age, and consequently does not require a remand to the Secretary." <u>Patterson v. Bowen</u>, 799 F.2d 1455, 1459 (11th Cir. 1986).

The undersigned finds no error, either in the use of plaintiff's actual age during the period of time under consideration, or in the use of the testimony by the vocational expert.

*DOT Specific Vocational Preparation*

Plaintiff claims cashier jobs are beyond her skill level even though the ALJ specifically limited her to simple work in his hypothetical to the VE. As described by the DOT, cashier jobs have a specific vocational preparation (SVP) of 2. See DOT § 211.462-010. An SVP of 2 corresponds to unskilled work.. See SSR 00-4p, 65 Fed. Reg. 75,759 (2000) (Addendum D) ("unskilled work corresponds to an SVP of 1-2"); DOT Appendix C, § II (Addendum E) (indicating that an SVP of 2 means that the individual needs only a month or less to learn the job); see also Fines v. Apfel, 149 F.3d 893, 895 (8th Cir. 1998) (citing Appendix C of the DOT). Unskilled work involves work that needs little or no judgment to do simple duties that can be learned on the job in a short period of time. See 20 C.F.R. § 404.1568(a).

Social Security Ruling 96-9p further defines unskilled work as work involving understanding, remembering, and carrying out simple instructions; making simple work-related decisions; dealing with changes in a routine work setting; and responding appropriately to supervision, co-workers, and usual work situations.

Social Security Ruling 00-4p, explains that a vocational expert may be able to provide more specific information about jobs or occupations than the DOT. The ruling also provides that occupational evidence provided by a vocational expert generally should be consistent with the occupational information provided by the DOT. However, the ruling notes that the vocational expert must provide a reasonable explanation for any inconsistency. One basis for a reasonable explanation could be the vocational expert's own experience in job placement and career

counseling.

The VE who was consulted did consider this issue, and in fact relied on professional knowledge beyond the Dictionary of Occupational Titles to relay that, although the recommended jobs are listed in the DOT as "light exertional," in the specific categories of parking lot cashier, cafeteria cashier, and ticket taker they would be sedentary and would allow for the sit/stand option. (Tr. 23, 449-450). The ALJ discussed this testimony and relied upon it. (Tr. 23).

Moreover, counsel for plaintiff had the opportunity to cross-examine the vocational expert at length regarding these and other issues, and did not do so. See Haas v. Barnhart, 91 Fed. Appx. 942, 947-48 (5th Cir. 2004) (unpublished disposition) ("[C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.")

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 22nd day of January, 2009.

                                          //S Richard L. Hodge
                                          RICHARD L. HODGE
msd                                   UNITED STATES MAGISTRATE JUDGE